NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DOVERCINER RAMIREZ-VAZQUEZ, *Appellant.*

No. 1 CA-CR 21-0553
FILED 4-18-2023

Appeal from the Superior Court in Maricopa County
No. CR2018-126488-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Chief Judge Kent E. Cattani joined.

_____

**P A T O N**, Judge:

**¶1**         Doverciner Ramirez-Vazquez appeals his convictions for sexual abuse, molestation of a child, kidnapping, and sexual conduct with a minor.  Ramirez-Vazquez's counsel has advised us that in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel has diligently searched the record and found no arguable question of law that was not frivolous.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  Ramirez-Vazquez declined the opportunity to file a supplemental brief pro se.  After reviewing the record, we affirm Ramirez-Vazquez's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         In 2018, Ramirez-Vazquez's 14-year-old biological niece told her parents that Ramirez-Vazquez had sexually abused her a few months prior.  Later that day, two of Ramirez-Vazquez's biological daughters disclosed that he had also sexually abused them for a period of years when they were around the age of 12.

**¶3**         Ramirez-Vazquez was arrested the following afternoon.  A forensic nurse examined the children and discovered that Ramirez-Vazquez's 12-year-old daughter was pregnant.  The child gave birth to a stillborn baby.  The State presented DNA evidence that Ramirez-Vazquez was the baby's father.

**¶4**         The State indicted Ramirez-Vazquez on twenty-six counts: eight counts of sexual abuse, class three felonies and dangerous crimes against children; four counts of molestation of a child, class two felonies and dangerous crimes against children; one count of kidnapping, a class two felony and a dangerous crime against children; eleven counts of sexual conduct with a minor, class two felonies and dangerous crimes against children; one count of attempted molestation of a child, a class three felony and dangerous crime against children; and one count of attempt to commit

sexual conduct with a minor, a class three felony and dangerous crime against children. Before trial, the State dismissed three counts of molestation and one count of sexual abuse.

**¶5** The case was tried over seven days in August 2021. The court empaneled twelve jurors, with three alternates. One juror and one alternate were released during trial.

**¶6** At the pretrial conference held on the first day of trial, Ramirez-Vazquez requested new counsel and refused to assist his attorney. His court-appointed counsel moved to withdraw. The court denied the motion. Ramirez-Vazquez then addressed the court, claiming that his family had hired counsel, naming an attorney. The court noted the lack of any notice of appearance by the purported new counsel and denied the motion again.

**¶7** The court then asked Ramirez-Vazquez whether he wanted to be present for trial. He refused to answer the question, and so the court found that he wanted to be present. The court then inquired as to whether he wanted to be present in street clothes or in a Sheriff's Department orange jumpsuit. Ramirez-Vazquez declined to answer. Between the morning and afternoon sessions of court, Ramirez-Vazquez conducted himself in such a manner that the court found he waived his appearance, and his counsel did not object to this finding. The court ordered Ramirez-Vazquez to be transported to court each day so that he could choose to participate in his trial if he wanted to. Ramirez-Vazquez subsequently waived his own appearance for all or part of each day of trial through his behavior in court, interjecting in open court despite being instructed not to, and claiming illness, which the court did not find credible.

**¶8** On the seventh day of trial, the State rested and dismissed four counts of sexual conduct with a minor and two counts of sexual abuse. The court inquired whether Ramirez-Vazquez wanted to testify. The court warned him that he would not be permitted to make a speech to the jury detailing his grievances, and that his counsel and the State would both have an opportunity to question him. The court then asked whether Ramirez-Vazquez understood these procedural constraints. Rather than reply directly, Ramirez-Vazquez asked to speak, and said he would comply after the court heard what he said. After Ramirez-Vazquez spoke, raising his motion for change of counsel again, the court denied the motion and asked whether he wished to testify. Ramirez-Vazquez stated he would not testify unless his motion for new counsel was granted, and the court found that he was choosing not to testify. The defense rested.

¶9 The jury found Ramirez-Vazquez guilty on all remaining counts: five counts of sexual abuse, two counts of molestation of a child, six counts of sexual conduct with a minor, one count of kidnapping, one count of attempted molestation, and one count of attempted sexual conduct. The court sentenced him to the presumptive term on all counts:

| Count | Charge | Statute | Sentence |
|-------|--------|---------|----------|
| 1 | Sexual Abuse (Minor under 15) | A.R.S. §§ 13-1404; 13-705(H) | 5 years |
| 3 | Kidnapping (Minor under 15) | A.R.S. §§ 13-1304; 13-705(F) | 17 years |
| 7 | Sexual Abuse (Minor under 15) | A.R.S. §§ 13-1404; 13-705(H) | 5 years |
| 8 | Sexual Conduct (Minor 13 or 14 years) | A.R.S. §§ 13-1405; 13-705(E) | 20 years |
| 9 | Sexual Abuse (Minor under 15) | A.R.S. §§ 13-1404; 13-705(H) | 5 years |
| 10 | Attempted Molestation of Child | A.R.S. § 13-1410(A); 13-705(M), (R) | 10 years |
| 11 | Sexual Abuse (Minor under 15) | A.R.S. §§ 13-1404; 13-705(H) | 5 years |
| 12 | Sexual Conduct (Minor 12 years) | A.R.S. §§ 13-1405; 13-705(C) | Natural Life Imprisonment |
| 13 | Sexual Abuse (Minor under 15) | A.R.S. §§ 13-1404; 13-705(H) | 5 years |

| 15 | Sexual Conduct (Minor 12 years) | A.R.S. §§ 13-1405; 13-705(C) | Natural Life Imprisonment |
|---|---|---|---|
| 16 | Sexual Conduct (Minor 12 years) | A.R.S. §§ 13-1405; 13-705(C) | Natural Life Imprisonment |
| 17 | Sexual Conduct (Minor 12 years) | A.R.S. §§ 13-1405; 13-705(C) | Natural Life Imprisonment |
| 23 | Sexual Conduct (Minor younger than 12) | A.R.S. §§ 13-1405; 13-705(C) | Natural Life Imprisonment |
| 24 | Molestation of a Child | A.R.S. §§ 13-1410; 13-705(F) | 17 years |
| 25 | Attempted Sexual Conduct (Minor under 12) | A.R.S. §§ 13-1405; 13-705(M), (R) | 10 years |
| 26 | Molestation of a Child | A.R.S. §§ 13-1410; 13-705(F) | 17 years |

¶10      The court ordered all counts to run consecutive for a total of 116 years and five natural life sentences.  The court awarded him 1,284 days of presentence incarceration credit.

¶11      Ramirez-Vazquez filed a timely notice of appeal.

## DISCUSSION

¶12      We have reviewed and considered counsel's brief and searched the record for reversible error.  *See Clark*, 196 Ariz. at, 537, ¶ 30 (providing guidelines for briefs when counsel has determined no arguable issues to appeal).  We have found no reversible error.  The record contains sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Ramirez-Vazquez was guilty of the aforementioned crimes.  The record reflects he was represented by counsel at all stages of the proceedings and counsel was present at all critical stages.  All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the sentences imposed were within the statutory limit.

**CONCLUSION**

**¶13**         For these reasons, we affirm Ramirez-Vazquez's convictions and sentences.  Upon the filing of this decision, defense counsel is directed to inform Ramirez-Vazquez of the status of his appeal and his future options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Ramirez-Vazquez shall have thirty days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:     AA